IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         *

         vs.                     *    CRIMINAL NO. MJG-00-0432

SOLOMON JONES                    *

DATE OF PREVIOUS JUDGMENT:       *    Thomas Sarachan, Esquire
  06/05/2007                          DEFENDANT'S ATTORNEY
*        *        *        *        *        *        *        *        *

          MEMORANDUM AND ORDER RE: SENTENCE REDUCTION
                PURSUANT TO 18 U.S.C. § 3582(c)(2)

   The Court has before it the Status Report [Document 280] deemed to constitute a Crack Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) filed by Defendant Solomon Jones based on a Guideline sentencing range that has subsequently been lowered by Amendment 750 and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u).

   The Government agreed that Defendant Jones is eligible for a sentence reduction, but contends that the Court should not exercise its discretion to reduce the sentence.

   Defendant Jones' original sentence was determined based on Offense Level 36, Criminal History Category IV. The Court imposed a sentence of 262 months (the low end of the Guideline range of 262-327 months) with credit for time served since May 18, 2001. The Court provided that its federal sentence was to be concurrent with a state sentence of 25 years imposed on

May 23, 2002.[1]  The 2007 Supplemental Report to the Bureau of Prisons states that the then current estimate of the release date from state custody was January 27, 2020, and the maximum expiration date was June 9, 2025.

The Government bases its opposition upon the serious nature of Defendant Jones' offense.  However, Defendant Jones has been incarcerated for more than 12 years and appears to face at least six additional years in state custody.  Accordingly, by the time that a reduction of the instant sentence would have any practical effect, Defendant Jones will have been incarcerated more than 18 years and possibly as long as 23 years.

Defendant Jones appears to have conducted himself in prison in a manner to warrant reasonable confidence in his being ready to return to society at the completion of his 18 year or longer term of incarceration.  The Court does not find it appropriate to deny Defendant Jones the benefit of the Amendment.

If the present Guidelines had been in effect on the original sentencing date, the Court would have sentenced Defendant Jones within the range for Offense Level 32, Criminal History Category IV (162 – 210 months).  The Court does not find it appropriate to vary from its prior decision to sentence Defendant Jones at the low end of the applicable guideline

---

[1]     The sentence was also concurrent with the then outstanding balance of a 21-month sentence imposed in MJG-02-0080.

range, 162 months.

Accordingly:

1. The Crack Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) [Document 280] filed by Defendant Solomon Jones is GRANTED.

2. The Defendant's previously imposed sentence of imprisonment (as reflected in the last Judgment issued) of 262 months is hereby reduced to 162 months.

3. All other provisions of the last Judgment issued herein remain in effect subject to possible modification of conditions of supervised release.

4. An Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) shall be issued herewith.

SO ORDERED, on Wednesday, May 22, 2013.

/s/
Marvin J. Garbis
United States District Judge